**FLORASYNTH LABORATORIES, Inc. v. GOLDBERG et al.**

No. 10417.

United States Court of Appeals
Seventh Circuit.

Oct. 30, 1951.

Brezina & Buckingham, Chicago, Ill., John F. Brezina, Chicago, Ill., for appellant.

Howard D. Moses, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order of the District Court dismissing the action of the plaintiff, filed in 1950, to restrain the alleged unlawful use by the defendants of labels and a trade name which were alleged to be "deceptively similar" to the trade-mark and the trade name of the plaintiff, and to restrain the unfair competition by defendants through the use of such labels and trade name.

The motion to dismiss this complaint alleged that the parties to this suit were identical to the parties in a former cause of action which had theretofore been adjudicated in the same Court; that the subject matter of the suit was identical to the subject matter adjudicated in the former case; that the prayers for relief in the two suits were identical; that there was no appeal or writ of error from the judgment in the former case and that the judgment in the former case was, therefore, a final bar and *res adjudicata* to this action between the same parties and concerning the same subject matter.

In the former case, filed in 1948, the plaintiff, a corporation incorporated under the name of "Florasynth Laboratories, Inc.," the principal office and place of business of which is located in New York, New York, with branches in several other cities throughout the United States, alleged that it was then, and had been for more than thirty-three years, engaged in the manufacture and sale of essential oils, flavorings, essences, aromatic chemicals and other chemical products to numerous customers throughout the United States, which customers included manufacturers of perfumes, soaps, flavorings and other chemical products; that in its business the plaintiff had used the name "Florasynth Laboratories, Inc." and its registered

trade-marks "Florasynth" in connection with the merchandising, advertising and selling of its products and had built up a valuable good will which was identified by and associated in the minds of the trade and of the purchasing public with its said trade-name and trade-marks.

The plaintiff in the former complaint alleged further that in 1947 the defendants adopted and began using in their business, which was the manufacture and sale of products of the same type being manufactured and sold by the plaintiff, the trade name of "Flora Essential Oils Co."; that the chemicals and essential oils manufactured by defendants were adapted to use by flavoring extract manufacturers, manufacturers of perfumes and soaps and other manufacturers; that the defendants used printed labels, with their trade name imprinted thereon, on the containers in which they sold their products; that such use of the words "Flora Essential" by defendants was an infringement of plaintiff's registered trade-marks "Florasynth"; that defendants advertised and sold essential oils and chemicals under the trade name "Flora Essential Oils Co." with knowledge of plaintiff's rights in its trade name and trade-marks and of the products manufactured and sold by the plaintiff, and that defendants did this with intent to take advantage of plaintiff's trade name, trade-mark property and good will; and that the defendants refused to comply with the plaintiff's demand that defendants discontinue the use of the name "Flora Essential" in connection with the sale and advertising of their products.

The plaintiff amended its original complaint by alleging further that the goods of plaintiff and defendants were sold in containers of similar size and shape; that the identity of the source of the products by the defendants' use of the words "Flora Essential" misled the purchasing public into believing that the defendants' products were the products of the plaintiff; and that the deception or confusion of the purchasing public, including manufacturers and dealers, "has occurred, is presently occurring and will continue to occur in ever increasing instances."

The 1948 complaint asked that the defendants be enjoined from using in connection with the manufacture, advertising and sale of such products (1) the words "Flora Essential" or any words or marks of identification or trade names deceptively similar to the plaintiff's trade name "Florasynth Laboratories, Inc." or to its trade-marks "Florasynth"; and (2) any name, label, container, advertisement or representation deceptively similar to the labels, containers and advertisements of plaintiff exhibited in this cause. Plaintiff also asked that defendants be enjoined (3) from doing any act or thing, or using any name, design or device calculated to induce the belief that the defendants' products are, or are associated with, those of the plaintiff; and (4) from in any manner infringing plaintiff's aforesaid registered trade-marks or competing unfairly with plaintiff. The plaintiff also asked for treble damages under Section 35 of the Trade Mark Act of 1946, 15 U.S.C.A. § 1117.

The District Court, on the motion of the defendants, entered a decree dismissing the former amended complaint. The Court there found that the parties were using in connection with the sale of their products the trade names alleged in the complaint; that the plaintiff was the owner of various registered trade-marks for the word "Florasynth," and had built up valuable good will for its products under its trade name and trade-marks; that the defendants, at the time they adopted the trade name "Flora Essential Oils Co." in 1947, knew they were engaged in the manufacture and sale of products in competition with plaintiff's and knew of plaintiff's trade-marks and trade names, but refused to discontinue the use of the words "Flora Essential" in connection with the sale of their products.

The District Court concluded that: (1) "Flora" is a descriptive word of extensive and common use and is not subject to appropriation as a trade-mark. (2) The trade name used by defendants, "Flora Essential Oils Co.," is descriptive of the

ingredients or characteristics of defendants' products and does not simulate the name of the plaintiff, "Florasynth Laboratories, Inc." (3) Defendants' labels in no way simulate those of plaintiff. (4) Defendants have not infringed plaintiff's trade name. (5) An ordinary buyer at retail would not be likely to assume from the labels that the two products had a common source. (6) Ordinary purchasers buying with ordinary caution would not be misled into believing that when they were buying defendants' products, they were in fact purchasing the products of plaintiff.

No appeal was taken from the decree of the District Court dismissing the former complaint. Attached to that former complaint, as exhibits, were sample labels used by the plaintiff in its advertisements and on the containers in which its products were marketed, and also photographs of defendants' labels and the bottles in which their products were sold. The labels used by the plaintiff were colorful, decorative and attractive. They bore the plaintiff's registered trade-mark and plainly showed the plaintiff's location as being New York, New York. They also stated that plaintiff's products were "For Manufacturing use only." The labels used by the defendants, on the other hand, were on plain white paper with ordinary plain printing in black and gave the defendants' trade name, "Flora Essential Oils Co.," and their Chicago address. The containers used by the defendants were shown to be ordinary commercial glass bottles. The present complaint alleges that the products of both parties were sold "in necessarily similar containers." This admission would seem to dispose effectively of any charge of unfair competition based on defendants' use of similar containers and would seem to leave as the only basis for the charge of unfair competition, the use by the defendants of their trade name, "Flora Essential Oils Co."

In its memorandum opinion dismissing the first complaint, the District Court pointed out that the word "Flora" is a descriptive word and is not susceptible to being appropriated as a trade-mark, that it was the name of the mythical Roman goddess of flowers or blooming vegetation and that as a descriptive word it was also used to describe collectively the plant growth of a district or a locality. The Court there also pointed out that "essential oils" is a term used in the trade, as meaning concentrates taken from flowers and fruits, and that it is also a descriptive term which is not susceptible to being appropriated by any person as a trade-mark.

Most of the allegations of the present complaint are in almost the identical language of the allegations in the former complaint and the prayer is in identical language. The only actual difference in the two complaints is that the present complaint limits the alleged infringements and resulting unfair practices of the defendants to the period of time since June 29, 1949, the date the decree dismissing the former complaint was entered. The plaintiff contends that because the present complaint alleges acts of infringement and unfair competition subsequent to the entry of the decree dismissing the former action, the present complaint states a new and different cause of action and that, therefore, the dismissal of the present complaint on the doctrine of *res adjudicata* was improper.

Even if we agree, *arguendo,* that a complaint alleging tortious acts of the same type as those alleged in a former complaint, but occurring subsequent to the entry of a judgment in the former action, presents a new and different cause of action, we may still have an adjudication of basic factual questions presented in and decided by a judgment on the first complaint which is binding on the parties in the second action. Such is the case here.

Here the tortious acts alleged by plaintiff in both complaints were tortious only if the alleged use by defendants of their trade name, "Flora Essential Oils Co.," was improper as constituting an infringement of plaintiff's trade-marks or as being deceptively similar to plaintiff's trade name. Both of these fundamental underlying questions were expressly decided against the plaintiff in the dismissal of the former action. The former complaint alleged, and the Court found, that defend-

ants' products were "adapted to various uses" by manufacturers. Buyers for manufacturers would, of course, be more discriminating than retail purchasers. Yet the Court found that even "ordinary purchasers buying with ordinary caution would not be misled into believing that when they were buying defendants' products, they were in fact purchasing the products of plaintiff." If the decision of the District Court on these questions was correct, it is binding on the plaintiff in the present action. Since no appeal was taken from the former judgment, we cannot now, in this second action, question the correctness of the decision in the first action. Sacks v. Stecker, 2 Cir., 62 F.2d 65, 67.

 It is fundamental that material facts or questions judicially determined in one action by a judgment may not be tried in a subsequent action between the same parties or their privies, whether the second action is upon the same or a different cause of action as the earlier action. Otis and Company v. Securities and Exchange Commission, 85 U.S.App.D.C. 122, 176 F.2d 34, 37, reversed on other grounds, 338 U.S. 843, 70 S.Ct. 89, 94 L.Ed. 516; 30 Am.Jur. Sec. 178, p. 920–923. The defendants' motion to dismiss the prior action admitted that defendants deliberately adopted and used the trade name "Flora Essential Oils Co." with full knowledge of plaintiff's trade name, trade-marks and established good will and that defendants did this with intent "to take advantage of plaintiff's trade name, trade-mark property and good will." The findings and conclusions of the Court on questions necessarily in issue on such a motion are just as binding as if the questions had been decided after a trial of such issues. S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 96 F.2d 978, 986–988; Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898.

The plaintiff also objects to the fact that the Court below dismissed the complaint on a motion to dismiss the complaint as not stating a cause of action as provided for by Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A., instead of requiring an answer alleging the affirmative defense of *res adjudicata* as provided for by Rule 8(c) F.R.C.P.

Here the motion to dismiss did allege the facts on which the defense was based. The facts alleged were shown to be true by the Court's own records. The plaintiff insists that a court should not dismiss an action on the ground of *res adjudicata* "after nothing more than comparison of the respective complaints of the two cases and without consideration of any other essential matter in the second action." Here, however, the District Court had before it its entire record, including the memorandum opinion, findings and conclusions, on which the dismissal of the first action was based. This showed that there had been an adjudication in the former action on the underlying factual questions on which the second complaint was necessarily based. The decision on those questions against the plaintiff was determinative of the second complaint which alleged no change either in the factual situation or in the law.

The plaintiff admits "that certain exceptions have been made to the general rule (requiring an affirmative answer pleading *res adjudicata)* and that in certain instances a motion to dismiss on the ground of *res adjudicata* may be appropriate," but says that "controlling factual identities for the purpose of *res adjudicata* must be clearly shown and cannot rest on mere assertion and speculation." Here, however, we have much more than assertion and speculation. Here the defendants' motion to dismiss alleged facts, shown to be true by the Court's own records, which constituted a complete defense to the action alleged in the complaint. In W. E. Hedger Transportation Corporation v. Ira S. Bushey & Sons, 2 Cir., 186 F.2d 236, 237, the court stated that in such a case, " * * * there appears no good reason why an answer should be first required."

The order of the District Court is affirmed.