**MA CHUCK MOON and Ma Chuck Woon, Appellants,**

v.

**John Foster DULLES, Secretary of State of the United States; Herbert Brownell, Jr., Attorney General of the United States, and John P. Boyd, District Director of Immigration and Naturalization, Appellees.**

**No. 15041.**

United States Court of Appeals Ninth Circuit.

Oct. 1, 1956.

Rehearing Denied Nov. 15, 1956.

Will G. Beardslee, Seattle, Wash., for appellants.

Charles P. Moriarty, U. S. Atty., Richard F. Broz, Asst. U. S. Atty., Seattle, Wash., for appellees.

Before ORR, POPE and FEE, Circuit Judges.

ORR, Circuit Judge.

Ma Tarn Sun, a citizen of the United States, alleging that he was the father of Ma Chuck Moon, Ma Chuck Woon, and Ma Chuck Wun, brought an action in their behalf in September, 1952, in the District Court of the United States for the Western District of Washington, for a declaratory judgment fixing the status of said Moon, Woon, and Wun as sons of a citizen of the United States.[1]

In order to permit the proper presentation of the said declaratory judgment action, the said alleged sons were permitted to enter the United States under a certificate of identity issued by the American consul in Hong Kong.

Pursuant to a pretrial conference the issues were confined to the question of the authenticity of the claim of blood relationship of the plaintiffs in the trial court. A trial was had at the conclusion of which the trial court found that the plaintiffs had failed to present evidence of sufficient weight and credibility to meet the burden of proof required. In weighing the credibility of Moon and Woon the court took into account the fact that they perjured themselves in connection with alleged statements made by them under oath before the American consul in Hong Kong and the denial thereof at the trial.

The action was dismissed, the order of the Court stating:

"Ordered, Adjudged and Decreed that plaintiff's action herein be and the same is hereby dismissed."

The District Court made findings of fact; no appeal was taken. This first action will hereafter be referred to as No. 2749, the number assigned it in the trial court.

On February 2, 1955, Ma Chuck Moon and Ma Chuck Woon brought a second action asking a declaratory judgment fixing their status.[2] This action was numbered No. 3870 in the trial court and will hereafter be referred to under that number.

Subsequent to the filing of No. 3870, a motion to dismiss was granted on the ground that the issues tendered had theretofore been adjudicated in No. 2749. In support of the motion to dismiss affidavits, as well as the findings of the Court in No. 2749, were presented, and are before us on this appeal.

 The main contention of appellants is that the principle of res judicata does not apply because action No. 2749 was brought under Sec. 503 of the Nationality Act of 1940, since repealed; and action No. 3870 under Sec. 360 of the Nationality Act of 1952, and the Federal Declaratory Judgment Act.[3] They argue that since Sec. 503 did not require presence in the United States to institute the action as does Sec. 360, "two bites at the cherry" are allowed. To the contrary, we are of the opinion that the usual principles of res judicata apply. The judgment of dismissal entered in No. 2749 was a final judgment under Federal Rules of Civil Procedure, rule 41(b), 28 U.S. C.A. Since the Court in its order of dismissal did not specify otherwise, the judgment operated as an adjudication on the merits.

---

1. The action was brought pursuant to Sec. 503. Nationality Act of 1940, 54 Stat. 1171, now 8 U.S.C.A. § 1503.

2. The action was brought pursuant to Sec. 360, Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503(a); and the Federal Declaratory Judgment Act, 28 U.S. C.A. § 2201.

3. 28 U.S.C.A. § 2201 et seq.

■ Therefore in case No. 2749 there exists a final judgment rendered upon the merits, without fraud or collusion by a court of competent jurisdiction. This judgment is conclusive of rights, questions, and facts in issue, as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. 30 Am.Jur. Judgments, § 161 (1940). Actions for declaratory judgments come within this principle. "Where an action is brought to obtain a declaration of the rights or other legal relations of the parties to the action, whether or not further relief is or could be prayed, a final and valid judgment declaring such rights or other relations is binding between the parties in subsequent actions." Restatement, Judgments, § 77 (1942). See Developments in the Law—Res Judicata, 65 Harv.L.Rev. 818, 881 (1952), and cases cited therein.

We now inquire as to whether or not the rights and questions of fact put in issue in No. 3870 were adjudicated in No. 2749. A comparison of the allegations of the complaint in No. 3870 with the issues tried in No. 2749 discloses that they are for all practical purposes identical. The overriding contention in both is that Ma Tarn Sun is the father of appellants Moon and Woon. That issue was tried in No. 2749; No. 3870 is an attempt to retry it on the same facts and circumstances.

■■ We find no merit in the contention of appellants that since there is a difference in the parties named in No. 2749 and No. 3870, res judicata does not apply. The first action was brought by Ma Tarn Sun on behalf of Moon and Woon; however they were in fact plaintiffs there as they are here. In No. 2749 the action was against the Secretary of State, and in No. 3870 the Attorney General of the United States was defendant. This difference is not sufficiently material as to prevent the application of res judicata. No. 2749 and No. 3870 are in effect suits against the United States.

"There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." Sunshine Anthracite Coal Co. v. Adkins, 1940, 310 U.S. 381, 402, 60 S.Ct. 907, 917, 84 L.Ed. 1263.

See also Estevez v. Nabers, 5 Cir., 1955, 219 F.2d 321; Acheson v. Fujiko Furusho, 9 Cir., 1954, 212 F.2d 284.

■ Appellants make the suggestion that we treat action No. 3870 as a motion under Fed.R.Civ.P. 60(b). Manifestly this Court is without power to transform an independent action into a motion to reopen a former judgment and for further proceedings.

Ma Chuck Wun was not a party in No. 3870, but we attach no importance to that fact.

Affirmed.