William Alfred LUCKING, Appellant,

v.

OJAI MUTUAL WATER COMPANY, a Corporation, and The Ojai Valley Company, a Corporation, Appellees.

Nos. 14945, 14946.

United States Court of Appeals Ninth Circuit.

March 26, 1958.

Johnston & Lucking, William Alfred Lucking, Jr., Ventura, Cal., William Alfred Lucking, in pro. per., Detroit, Mich., for appellant.

James C. Hollingsworth, Ventura, Cal., for appellees.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

JAMES ALGER FEE, Circuit Judge.

This is an appeal from the dismissal of two complaints brought by Lucking against Ojai Mutual Water Company and The Ojai Valley Company.

The allegations of the first alleged cause of action in the first complaint are summarized by the following:

Defendant Ojai Mutual Water Company is a California corporation, incorporated in 1920 for the purpose of owning water and water rights in Ojai and vicinity and to deliver water to its stockholders only, for their exclusive use upon lands owned by them within certain District boundaries.

Defendant Ojai Valley Company is an Ohio corporation doing business in California of selling lands which it owns within the Ojai Valley. The Valley Company, it is averred on information and belief, was wholly owned by Edward D. Libbey and his immediate family until his death and now is wholly owned by the trustees of his estate.

Appellant, a citizen of the state of Michigan, purchased a total of 70.13 acres of land in the Ojai Valley from Florence Scott Libbey, and by reason of the purchase acquired 151 shares of stock in the defendant Ojai Mutual Water Company. Only those purchasing stock from the so-called Libbey interests

are entitled to shares of stock in the Ojai Mutual Water Company, and, when all the lands owned by the so-called Libbey interests, as they are referred to in the complaint, have been sold, any stock left over or remaining is surplus stock and should be cancelled.

The Ojai Valley Company is the owner of approximately 1,500 shares of stock in the Water Company, and by reason of that ownership exercises a controlling interest in the Water Company. No one is entitled to receive water from the Water Company unless the lands to which water is supplied were acquired from the Libbey interests. The amendment to the Articles of Incorporation of the Water Company, requiring one share per acre instead of four shares per acre, is invalid by reason of the fact that no notice of said amendment was given as required by law. Neither Ojai Valley Company nor the Libbey interests ever owned or intend to acquire or intend that more than 500 acres of land should be served by the Water Company. Demand has been made upon both defendants that the shares now owned and held by the Valley Company be cancelled or put in trust for the individual owners who are stockholders in the Ojai Mutual Water Company, and, if Ojai Valley Company sells its shares of stock in the Water Company in excess of $50.00, this would represent an unwarranted profit to the promoters of the Water Company.

Plaintiff is acting on his own behalf and for other individual owners of stock in the Water Company.

Plaintiff's remaining causes of action in the first complaint all incorporate the allegations of the first cause of action with the following additions.

The second cause of action reiterates in slightly different language the proposition that the only lands entitled to water service are lands derived from the Valley Company or Libbey interests. It is alleged that, by reason of the invalid amendment to the Articles of Incorporation of the Water Company, plaintiff and the other grantees of Ojai Valley Company and the Libbey interests have been deprived of the control of the Water Company.

In his third cause of action, plaintiff alleges the invalidity of the amendment of the Articles of Incorporation.

The fourth cause of action alleges that the Ojai Valley Company will receive unwarranted and unjustified profits by the sale of the stock owned and held by it, which it is alleged are surplus shares.

The fifth cause of action alleges that there is insufficient water in the Ojai Valley Basin and that plaintiff and the shareholders have made actual and beneficial use of the water, and no others have any rights to the use of this water.

The sixth cause of action alleges that the shares of stock in the Ojai Mutual Water Company are appurtenant to the land, but have been treated and held as personalty.

The seventh cause of action alleges that the Ojai Valley Company has no right to own, vote or sell any of the 1,300 shares of surplus stock owned by it in the Ojai Mutual Water Company, and claims the right to and threatens to sell said stock, all to the injury of plaintiff and the other shareholders in the Water Company.

The answer of defendants denies generally and specifically all the material allegations of the complaint and each and every alleged cause of action therein set forth. Defendants also set up special defenses to each and every alleged cause of action that they were barred by Sections 337, 339 and 343 of the California Code of Civil Procedure.

Defendants, as a sixth defense, alleged in substance the acreage owned by plaintiff and the shares of stock had been issued to him for water service, and also that in June, 1945, pursuant to a purchase of 20.92 acres of land, plaintiff received 20 shares of Water Company stock for service of water to this land. This was six years before the filing of his complaint. This special defense further sets forth the reasons for the amendment of the Articles of Incorporation, which was done by reason of the heavy increase in population requiring

the extension of water service within the service area, which comprised 2,675 acres of land, being some 2,000 acres in excess of the lands to which plaintiff claims were the only lands to which water could be furnished, namely, lands which were purchased from the Ojai Valley Company or from what he terms the so-called Libbey interests. It is further alleged that, knowing and being acquainted with these facts, plaintiff did nothing and permitted defendants to extend their water service to consumers within the service area.

Defendants also interposed a seventh defense, alleging estoppel on the part of plaintiff by reason of the facts and matters alleged and set forth in the sixth defense and an eighth defense of waiver.

The gist of a ninth defense is that, by reason of the facts alleged and set forth in the sixth defense, plaintiff has acquiesced in and consented to the various acts by defendants which are complained of by him.

The second complaint of plaintiff is entitled "Action for Accounting, Injunctive Relief and for Further Relief." It contains many paragraphs which are repetitious of the first complaint relative to the invalidity of the amendment to the Articles of Incorporation and the purchase and ownership of stock by plaintiff. The complaint also alleges discrimination on the part of Ojai Mutual Water Company in furnishing and delivering water to its consumers, claiming that certain consumers have been receiving water at a lower cost than other consumers.

The answer to the second complaint denies all of the material allegations of this complaint and sets up separate defenses of the statute of limitations and that plaintiff knew of the existence of the amendments to the By-Laws and the purpose and reason for the same and that he accepted twenty shares of stock on the basis of one share per acre some ten years after the amendment to the Articles of Incorporation, where one share per acre had been adopted, and that

plaintiff had been guilty of laches in now asserting any right, claim or interest that he may now have or claim to have against said defendants under what he contended to be an invalid amendment to the Articles of Incorporation.

Following the filing of the first complaint and prior to the filing of the second complaint, a motion was made to dismiss on the ground of failure to state a claim upon which relief can be granted, or in lieu thereof to require that the action be stated in a simple, concise and direct manner. This was denied.

■ The trial court had the authority to try out issues in a law suit after these had been segregated. The issues which the court tried here were whether the amendment to the Articles of Incorporation of the Water Company adopted March 4, 1935, was valid in respect to the giving of notice as required by law therefor, and whether the Water Company performed all the conditions necessary to the adoption of the amendment respecting notice.

The court took evidence upon this question. Lucking, the plaintiff, testified that he had not known of the amendment of 1935 until 1948, when he was allowed to examine the records of the Water Company. At that time, he had a conversation with Harmon, Vice-President and Assistant Secretary of the Water Company, in which he told the latter that he had had no knowledge of this action. Harmon replied that no notice was necessary to Lucking to cover that amendment or of the meeting of March 4, 1935. Lucking also testified that he had received no notice of any corporate meeting or stockholders' meeting at any time.

The minutes of this meeting were introduced. These contained no recital that any notice had been given of this particular meeting where the amendment was adopted.

Harmon testified he had no independent recollection of the 1935 stockholders' meeting and that he had no official relation to the Water Company at that time. He had become a stockholder in 1930, but

had no recollection of receiving a written notice of such a meeting in 1935. He knew of no notice sent out of annual meeting to stockholders generally. He could not recall saying to Lucking anything about an amendment to the By-Laws or Articles, but did tell the latter that under the By-Laws there was no obligation to give notice to stockholders of an annual meeting. Another witness testified that, in memoranda notations which he kept at the time, there was no notation of a notice of a stockholders' meeting and that he had no recollection of receiving one.

The certification of the Secretary of State to the certificate of amendment, pleaded as an exhibit to one of the complaints, reads:

"Frank C. Jordan,
Secretary of State.
Robert V. Jordan,
Assistant Secretary of State.
Frank H. Cory,
Charles J. Hagerty,
Deputies.
State of California, Department of State

I, Frank C. Jordan, Secretary of State of the State of California, do hereby certify that I have carefully compared the transcript, to which this certificate is attached, with the record on file in my office of which it purports to be a copy, and that the same is a full, true and correct copy thereof. I further certify that this authentication is in due form and by the proper officer.

In Witness Whereof, I have hereunto set my hand and have caused the Great Seal of the State of California to be affixed hereto this 28th day of September, 1935.
Frank C. Jordan,
Secretary of State;
By Charles J. Haggerty,
Deputy.
Filed: Sept. 30, 1935, L. E. Hallowell,
Clerk;
By Irene Van Fossen, Deputy Clerk."

This certificate and the certificate of amendment to which it pertains were issued in accordance with Section 362b, 1933 Civil Code of California,[1] which was then in force and which provided:

"The certificate shall be submitted to the Secretary of State, who shall file the same and put an endorsement of filing thereon if he find that it shows a compliance with the provisions of the law. Thereupon the articles of incorporation shall be deemed amended in accordance with such certificate and a copy of such certificate, certified by the Secretary of State shall be prima facie evidence of the performance of the conditions necessary to the adoption of such amendment."

The trial court ruled upon this evidence and the certificate as follows:

"The evidence which has come in here on the cause of action, relating to the alleged meeting as to the amendment, being particularly the evidence there were other meetings, as to which there was no notice given, was not actually pertinent evidence, because there was no showing that those other meetings were meetings of a kind, under Section 312, required notice.
\* \* \* \* \* \*
"The court finds that there is not sufficient evidence to overcome the presumption of regularity with respect to the amendment of the articles of incorporation."

As to these issues, the trial court entered findings of fact, conclusions of law and judgment in favor of the contentions of defendant.

Thereupon, defendant made an oral motion to take no more evidence upon other issues and to dismiss both complaints for failure to state a claim. The trial court sustained this motion in all phases. No more testimony was taken, and judgment dismissing the complaints

---

[1]. Enacted by 1933 Cal.Stat.1396. This provision was subsequently reenacted in 1947 with some change in verbiage and now appears in Cal.Corporations Code, § 3673.

was entered. This appeal from both judgments followed.

██ ██ Plaintiff was given no opportunity to amend after the partial judgment was entered. Each stated cause of action contains these particular allegations as to the alleged invalid amendment of the Articles of Incorporation. It is probable, since these constitute an essential part of each count, that, technically speaking, a cause of action is not stated by any of the remaining claims if this portion be eliminated. However, the allegations are inextricably woven into the other claims and an attempt to excuse them would result in confusion as to each claim. Therefore, the court properly sustained motions to dismiss as to all the other counts. But it must be remembered that, if this judgment stand unmodified under Rule 41(b),[2] the dismissal is with prejudice as to every phase of each cause of action and defense and constitutes a finality. It is not clear whether the trial court held that either complaint constituted a class action. In any event, the issues thus concluded might be held a precedent for the disposal of controversies relating to the titles of other parcel owners under this system to either land or water. The trial court did not actually decide whether the water rights were or were not appurtenant to any parcel. The numerous defenses might be given a spurious validity if this were to be held a class action. The matter as to whether there was a proper class suit should have been determined, if this type of final judgment were to be entered.

A pretrial conference and appropriate pretrial order might well have cleared up the confusion.

The judgment on the issues tried is affirmed. The judgment dismissing the complaints must be modified by adding words which will accomplish the dismissal without prejudice to the bringing of actions upon the same subject matter, except insofar as properly concluded by the judgment on the issues actually tried.

Affirmed in part and remanded with direction to amend the judgment of dismissal in accordance with this opinion.

2. "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." Rule 41(b),

Federal Rules of Civil Procedure, 28 U.S.C.A. See Ma Chuck Moon v. Dulles, 9 Cir., 237 F.2d 241, 242, certiorari denied 352 U.S. 1002, 77 S.Ct. 559, 1 L. Ed.2d 547; Florasynth Laboratories, Inc. v. Goldberg, 7 Cir., 191 F.2d 877.