**BROOKHURST PARTNERS LIMITED PARTNERSHIP, Plaintiff,**

v.

**ZENITH ELECTRONICS CORP., Defendant.**

**Civ. A. No. 88–509–JJF.**

United States District Court, D. Delaware.

Sept. 28, 1988.

---

Steven J. Rothschild of Skadden, Arps, Slate, Meagher & Flom, Wilmington, Del., for plaintiff.

Stephen E. Herrmann of Richards, Layton & Finger, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is defendant Zenith Electronics Corporation's ("Zenith") motion to dismiss for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

Plaintiff, Brookhurst Partners Limited Partnership ("Brookhurst"), a Delaware limited partnership, owns approximately 6.1% of the outstanding common stock of defendant Zenith, a Delaware corporation. Brookhurst believes that Zenith should be sold because current management has allegedly failed to make Zenith profitable in recent years. On June 22, 1988, Brookhurst filed a Schedule 13D with the Securities and Exchange Commission ("SEC"). An Amendment No. 1 to this Schedule 13D was filed on August 31, 1988.

On September 14, 1988, Brookhurst did three relevant things. First, it sent a letter to Zenith stating that it had resolved to solicit stockholder consents in order to approve certain proposals designed to result in the sale of Zenith. Second, it filed Amendment No. 2 to its original Schedule 13D, in which it disclosed that it (a) had sent the above-mentioned letter; (b) had requested a copy of Zenith's stockholder list in order to communicate directly with other stockholders, as well as other corporate books and records; and (c) had retained a financial analyst. Third, Brookhurst filed this action.

In Count I of the complaint, Brookhurst seeks a declaratory judgment that Brookhurst's own Schedule 13D, as amended, complies with section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78m(d), and the rules and regulations promulgated thereunder. Counts II and III are pendent state claims. Count II

seeks declaratory and injunctive relief with respect to certain unanimous consent provisions in Zenith's bylaws. Count III seeks declaratory and injunctive relief concerning Zenith's stockholder rights plan. At the time of filing the complaint, Brookhurst moved for expedited proceedings, including expedited discovery.

On September 16, Zenith moved to dismiss the complaint contending that this Court lacked subject matter jurisdiction. Also, on September 16, the Court held oral argument on Brookhurst's motion for expedited discovery. The Court denied Brookhurst's request without prejudice to renew it after the Court resolved Zenith's motion to dismiss. Oral argument on Zenith's motion to dismiss was heard on September 22, 1988.

### DISCUSSION

Brookhurst seeks a declaratory judgment, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, that its own Schedule 13D, as amended, complies with federal disclosure requirements. However, the most significant legal issues in the complaint revolve around the pendent state law claims. It is well settled that a federal court is without power to grant the remedy created by the federal Declaratory Judgment Act unless the Act's requirements are satisfied. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272, 61 S.Ct. 510, 511, 85 L.Ed. 826 (1941).

The federal Declaratory Judgment Act provides, in pertinent part,

In a case of *actual controversy* within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration....

28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has stated that the "case of actual controversy" language "is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). In *Mary-*

*land Casualty, supra,* the Supreme Court further refined the analysis. In that case the Court stated, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty,* 312 U.S. at 273, 61 S.Ct. at 512.

Brookhurst urges the Court to adopt a test sometimes used for determining whether the "actual controversy" requirement of the Declaratory Judgment Act has been satisfied. In support of this position, Brookhurst cites a series of cases, virtually all of which have arisen in the context of patent or trademark litigation, that have employed the so-called "reasonable apprehension" standard. Under this test, "the plaintiff must demonstrate conduct on the part of the [defendant] giving rise to a 'reasonable apprehension' that the [defendant] will ultimately litigate to enforce his rights against the plaintiff." *Cosden Oil & Chemical Co. v. Foster Grant Co.,* 432 F.Supp. 956, 958 (D.Del.1977), *aff'd,* 577 F.2d 725 (3d Cir.1978). Essentially, Brookhurst has asked this Court to broaden the applicability of the "reasonable apprehension" test and apply it in the context of a contest for corporate control. Brookhurst contends that the "business realities" of battles for corporate control are such that corporations like Zenith, when confronted with attempts to solicit stockholder consents, commonly resort to the defensive strategy of litigating the sufficiency of disclosures under provisions such as 15 U.S.C. § 78m(d). In this case, Brookhurst claims that it has a "reasonable apprehension" that Zenith will initiate litigation in order to attack the validity of Brookhurst's Schedule 13D.

The Court recognizes that, on at least two occasions in other Circuits, the "reasonable apprehension" test has been utilized by a court in a context other than patent or trademark litigation. *See Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co.,* 416 F.2d 707, 709

(7th Cir.1969) (invoking and applying the "reasonable apprehension" standard in the context of an insurance dispute); *National Basketball Association v. SDC Basketball Club, Inc.,* 815 F.2d 562, 566 (9th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 362, 98 L.Ed.2d 386 (1987) (using the words "real and reasonable apprehension" in the context of an antitrust claim). In reading these cases, the Court concludes that certain factual situations, including those involving battles for corporate control, may arise in which a court would consider applying the "reasonable apprehension" standard for purposes of determining whether the "actual controversy" requirement of the federal Declaratory Judgment Act has been satisfied. However, I am not persuaded that such a situation is presented here. Brookhurst's only basis for alleging an actual controversy is that, in general, companies "like" Zenith "oftentimes" resist stockholder consent solicitations by litigating alleged disclosure violations. Although the realities of the corporate world may be that some form of litigation is inevitable, a court should not predict the response of a party to a solicitation or dictate a strategy by allowing the premature filing of lawsuits. While the Court does not reject the "reasonable apprehension" test in the context of corporate control contests, the facts of this case simply do not warrant its consideration.

Thus, the sole test for federal jurisdiction in this case is the "actual controversy" language of the Declaratory Judgment Act, as interpreted by the Supreme Court. Under this standard, Brookhurst's effort to invoke this Court's jurisdiction must fail. *Maryland Casualty, supra.* As of September 14, the date Brookhurst filed its complaint, there simply was insufficient evidence of a "substantial controversy ... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty,* 312 U.S. at 273, 61 S.Ct. at 512.

The Court concludes, therefore, that Count I of Brookhurst's complaint must be dismissed for lack of subject matter jurisdiction, and since there is no basis for federal jurisdiction remaining, Counts II and III, which contain purely state law claims, will also be dismissed.

An Order consistent with this Memorandum Opinion will be entered.