860 F.2d 344
 28 ERC 1607
 LEVIN METALS CORPORATION, et al., Plaintiffs,
v.
PARR-RICHMOND TERMINAL COMPANY, et al.,
Defendants-Counter-Claimants-Appellees,
v.
Richard LEVIN, et al., Counterdefendants,
and
Montrose Chemical Corporation of California,
Counterdefendant-Appellant.
PARR-RICHMOND TERMINAL COMPANY, et al., Plaintiffs-Appellees,
v.
LEVIN METALS CORPORATION, et al., Defendants,
and
Montrose Chemical Corporation of California, Defendant-Appellant.
 No. 87-2732.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 13, 1988.
Decided Oct. 28, 1988.
 
 Arthur R. Albrecht and Benjamin H. Ballard, III, Thacher, Albrecht & Ratcliff, San Francisco, Cal., for defendants-counterclaimants-appellees, Parr-Richmond Terminal Co. and John Parr Cox.
 Jared R. Smith, Boornazian, Jensen & Garthe, Oakland, Cal., for defendant-counter-claimant-appellee Fred Parr Cox.
 Kristine L. Wilkes and David L. Mulliken, Latham & Watkins, San Diego, Cal., for defendant-appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before WISDOM*, THOMPSON and TROTT, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 This appeal is controlled by our previous opinion in this case. Levin Metals v. Parr-Richmond Terminal Company, 799 F.2d 1312 (9th Cir.1986). That opinion set forth the requirements for bringing a declaratory judgment action under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. Section 9601 et seq. (CERCLA). The relevant requirement is that the defendants in a declaratory judgment action must have incurred costs for cleaning up a hazardous waste cite. If they have not incurred such response costs, they have not met CERCLA's requirements for bringing a coercive legal action against the declaratory judgment plaintiff, and the prerequisites of the Declaratory Judgment Act, 28 U.S.C. Section 2201, are not fulfilled. Appellant Montrose Chemical Corporation argues that the action against it does not meet those prerequisites and should be dismissed. We hold that the action against Montrose is ancillary to Parr-Richmond's declaratory judgment action against Levin Metals. Our earlier opinion in this case established that the action against Levin Metals meets the statutory prerequisites of CERCLA. See 799 F.2d at 1315. We therefore affirm the district court's denial of Montrose's motion to dismiss.
 
 
 2
 In United States ex rel. Payne v. United Pacific Insurance Company, we held that courts should exercise their ancillary jurisdiction to join parties that otherwise fail to meet jurisdictional requirements where both the ancillary action and the main action "involved the same core of facts and both arose out of the same transaction". 472 F.2d 792, 794 (9th Cir.), cert. denied, 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973). Parr-Richmond seeks a declaration that it is not liable to Montrose for the costs of cleaning up hazardous wastes on a parcel of land previously owned by Parr-Richmond. It asks for the same declaration, concerning the same parcel of land, in its action against Levin Metals. This "close factual and logical nexus" meets the standard set forth in Payne. See United States v. City of Twin Falls, Idaho, 806 F.2d 862, 867 (9th Cir.1986). Our previous opinion in this case acknowledged that joinder of parties not meeting the requirements it announced there might be appropriate. Accordingly, it authorized the district judge to join "all persons who have an interest" in the questions raised by Parr-Richmond's declaratory judgment suit against Levin Metals. 799 F.2d at 1317 n. 6.[1] The trial judge found that Montrose had such an interest. We see nothing in the record that justifies rejecting his finding.
 
 
 3
 The district court's denial of Montrose's motion to dismiss is AFFIRMED.
 
 
 
 *
 Hon. John Minor Wisdom of the United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [1]
 The relevant part of Footnote 6 reads:
 "We recognize that not all of the declaratory judgment defendants claim to have incurred response costs and presented a CERCLA claim to Parr-Richmond. Nevertheless, all persons who have an interest in determination of the questions raised in the declaratory judgment suit should be before the court. See Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co., 416 F.2d 707, 710 (7th Cir.1969). The district court may consider on remand the propriety of joining these parties under Federal Rules of Civil Procedure 19 or 20."