60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 BULLITT COUNTY FISCAL COURT, Plaintiff-Appellant,
v.
GOBEL NEWSOME, d/b/a Gobel's Exotic Entertainment; Judy
Newsome, Defendants-Appellees.
 No. 94-5720.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 On Appeal from the United States District Court, for the Western District of Kentucky.
 W.D.Ky.
 DISMISSED.
 Before: RYAN and SUHRHEINRICH, Circuit Judges; JARVIS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Bullitt County Fiscal Court filed suit in state court seeking to enjoin defendants, Gobel and Judy Newsome, owners and operators of GOBEL'S EXOTIC ENTERTAINMENT, from violating County Ordinance 92-3, an ordinance regulating adult entertainment. Defendants removed this case to federal court, pursuant to 28 U.S.C. Secs. 1331 and 1441(b), and subsequently moved for summary judgment to declare the ordinance unconstitutional under federal and state law. The district court granted defendants' motion and plaintiff appeals this order.
 
 
 2
 We hold that the case was improperly removed to federal court on the basis of federal question jurisdiction. We therefore DISMISS this appeal and remand to the district court with instructions to remand this action to state court.
 
 I.
 
 3
 This action was originally filed in Bullitt County Circuit Court, Kentucky, on December 15, 1992. In February 1992, plaintiff had enacted Bullitt County Ordinance No. 92-3, "An Ordinance Relating to the Licensing and Regulation of Adult Entertainment Establishments and Their Employees." The ordinance contains provisions for the location, regulation, and licensing of adult entertainment establishments. Plaintiff alleged that defendants, who opened for business on December 4, 1992, violated the ordinance by locating within 1000 feet of a school and a church, 500 feet of a licensed premises for the sale of alcohol, 1000 feet of residentially zoned property, and by having more than one sign advertising its stock in trade. The complaint also averred that neither the owner nor any employee or performer had applied for a permit or license to the Bullitt County Judge/Executive as required by the ordinance. Plaintiff requested that defendants be forever enjoined and ordered immediately to cease operation of GOBEL'S EXOTIC ENTERTAINMENT on the objectionable premises.
 
 
 4
 Defendants removed the action on January 8, 1993. The notice of removal stated that "substantial Constitutional issues are raised in the proceedings," in that Ordinance No. 92-3 was in violation of the United States Constitution, specifically, the First and Fourteenth Amendments. Plaintiff did not contest the removal.
 
 
 5
 Defendants brought a motion for summary judgment, contending that the ordinance has the effect of totally banning adult entertainment and therefore violates the holdings of Young v. American Mini Theatres, Inc., 427 U.S. 50 (1976), and Schad v. Borough of Mount Ephraim, 452 U.S. 61 (1981). Defendants also argued that fiscal courts lack the authority to regulate adult entertainment under Kentucky law because that power has been delegated to municipalities by the General Assembly. The district court found it unnecessary to decide the constitutional questions raised and granted summary judgment on the state law ground. Plaintiff appeals the order granting summary judgment.
 
 II.
 
 6
 As an initial matter, we must determine whether we have subject matter jurisdiction over this action. Although plaintiff did not contest the jurisdiction of the federal district court, we may raise the issue sua sponte. Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992).
 
 
 7
 Section 1331 of Title 28 for the United States Code provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if it is apparent from the face of the complaint that the plaintiff's cause of action is a creature of federal law, or that a federal law is an essential component of the plaintiff's state law claim. Thus, when a case is removed from state court, the district court must look to the plaintiff's complaint; the presence of a defense based on federal law is not sufficient to confer federal question jurisdiction. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908), overruled on other grounds by Smith v. Kansas City Title & Transfer Co., 255 U.S. 180 (1921); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987).
 
 
 8
 Plaintiff's complaint states a purely state cause of action. The complaint alleges that defendants are in violation of Bullitt County Ordinance No. 92-3, which plaintiff claims is enforceable under Ky.Rev.St. 67.083. Thus, the purported authority to create, and duty to follow, the ordinance arise entirely out of Kentucky law. Federal law is implicated only by way of a defense--that the statute is unconstitutional under the First Amendment--and only then if plaintiff has established a valid claim under state law. Dealing with a similar situation in Franchise Tax Bd., a state law claim removed on the basis of a federal defense, the Supreme Court stated: " 'By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.' " 463 U.S. at 12 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 116 (1936)). As such, the claim here fails to meet the requirements of the "well-pleaded complaint" rule.
 
 
 9
 Although diversity jurisdiction is still an open question, we note defendants did not allege that as a basis for removal. Because defendants as removing party have not satisfied their burden to establish federal jurisdiction, see Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 948-49 (6th Cir.1994), our inquiry is at an end.
 
 
 10
 Accordingly, we hereby DISMISS this appeal and REMAND to the district court. On remand, the district court is directed to REMAND the action to state court.
 
 
 
 *
 The Honorable James H. Jarvis II, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation