**DIAMOND SHAMROCK CORPORATION
and Fireman's Mutual Insurance
Company, Plaintiffs-Appellants,**

v.

**LUMBERMENS MUTUAL CASUALTY
COMPANY, Defendant-Appellee.**

No. 17522.

United States Court of Appeals
Seventh Circuit.

Sept. 16, 1969.

**708**

Robert A. Downing, Chicago, Ill., for Diamond Shamrock Corporation.

Lawrence Zelle, Minneapolis, Minn., Leonard M. Ring, Chicago, Ill., for Fireman's Mutual Insurance Company.

Sidley & Austin, Chicago, Ill., Robins, Davis & Lyons, Minneapolis, Minn., of counsel, for appellants.

Donald N. Clausen, James T. Ferrini, Jacob T. Pincus, Chicago, Ill., Clausen, Hirsh, Miller & Gorman, Chicago, Ill., of counsel, for appellee.

Before KILEY and KERNER, Circuit Judges, and MORGAN, District Judge.[1]

ROBERT D. MORGAN, District Judge.

This is an interlocutory appeal from an order dismissing Fireman's Mutual Insurance Company (herein called Fireman's) as a party to an action for declaratory judgment.[2]

The action is jurisdictionally based on diversity of citizenship and seeks declaratory judgment determining the cause of a casualty loss, as well as final relief by way of money judgment solely in favor of plaintiff Diamond Shamrock Corporation (herein called Diamond) against defendant on its policy of insurance. It was brought by Diamond and Fireman's as co-plaintiffs, under authority of 28 U.S.C. §§ 2201, 2202. This statute provides in pertinent part that:

"§ 2201. Creation of remedy

In a case of actual controversy within its jurisdiction * * * any court of the United States * * * may declare the rights and other legal relations of any interested party seeking such declaration * * *.

"§ 2202. Further relief

Further necessary or proper relief based on a declaratory judgment or decree may be granted * * * against any adverse party whose rights have been determined by such judgment."

The facts thus far determined are not in dispute. Diamond owns and operates an acetylene producing facility located at Deer Park, Texas, and, on April 30, 1967, it sustained casualty loss thereto. Fireman's and defendant, Lumbermens Mutual Casualty Company (herein called Lumbermens), each had previously issued insurance policies to Diamond and they were both in full force and effect on the date of the casualty.

Fireman's policy is essentially a standard fire and extended policy which insured Diamond against fire but excluded loss or damage occasioned by or incident to an explosion. Lumbermens' policy is a general "Boiler & Machinery Policy" which provides all risk coverage, but by specific exclusion does not provide coverage of a loss caused directly or indirectly by fire. Thus, the policies are mutually exclusive. As succinctly stated in Lumbermens' brief, "If loss was caused by fire, the entire loss falls on Fireman's. If the loss was not caused by fire, the entire loss falls upon defendant, Lumbermens."

---

1. Judge Morgan is sitting by designation from the Southern District of Illinois.

2. In an order entered herein on January 21, 1969, this court accepted the appeal on trial court certification under 28 U.S.C. § 1292(b), but, in order to forestall multiple interlocutory appeals, directed further proceedings in the District Court to determine a possible contract defense of Fireman's which might prevent its having a true adverse legal interest in the action. Such possible defense was waived and the District Court concluded, in an order dated February 17, 1969, that Fireman's has a true adverse legal interest in the declaratory judgment action. This basis for that conclusion is not contested here.

Lumbermens denied responsibility under its policy asserting that the loss was caused by fire, and the co-plaintiffs, Diamond and Fireman's together, instituted this action, alleging that the loss was caused by explosion.

The question presented is whether Fireman's may join with Diamond as a plaintiff in a declaratory judgment action against Lumbermens to determine which insurer is liable to Diamond for the loss.

The District Court was of the opinion that the decision of this court in Travelers Indemnity Co. v. Standard Accident Insurance Co., 329 F.2d 329 (7th Cir. 1964), required it to grant the motion to dismiss. We disagree.

That case was an action between alleged co-insurers to which neither the insured nor the damaged plaintiff was a party. Thus, any determination by the court could not have a *res judicata* effect on the insured or the injured plaintiff there. Therefore, the net result of a declaratory judgment in that case would have been the equivalent of a mere advisory opinion between the insurers. Contradistinctively, all parties who have an interest in or could be affected by the outcome of the declaratory judgment action here have been joined. The distinction is critical.

■ The distinction to be drawn is whether there is a controversy "appropriate for judicial determination" or "a difference or dispute of a hypothetical or abstract character." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree. The test for determining whether an "actual controversy" exists was set out in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941), when the court stated:

" * * * whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

Lumbermens argues that the gravamen of this court's decision in *Travelers* was that no actual controversy can exist between two insurers who have neither a direct contractual relationship between them nor an interrelationship in their obligations, and that the absence of the insured was simply an additional but not controlling factor in this court's determination. We do not agree.

■ Lumbermens further argues that here, as in *Travelers,* mere economic interest in the outcome of the litigation does not constitute a basis for actual controversy. They cite Walker Process Equipment, Inc. v. FMC Corp., 356 F.2d 449 (7th Cir. 1966), and Aralac, Inc. v. Hat Corporation of America, 166 F.2d 286 (3d Cir. 1948). The holdings in those cases, however, have been narrowed and recast making the test for availability of declaratory judgment to be whether there is "reasonable apprehension of liability." American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc., 379 F.2d 376 (7th Cir. 1967); Sticker Industrial Supply Corp. v. Blaw-Knox Co., 367 F.2d 744 (7th Cir. 1966).

■ Based upon the standard of "reasonable apprehension of liability," we are of the opinion that Fireman's has such a direct interest in the controversy, notwithstanding the fact that its policy is mutually exclusive with Lumbermens' policy, as to make it a proper party in this action. The basic factual question to be determined, on which Lumbermens' defense also turns, is whether the loss was caused either directly or indirectly by fire. The determination of that question, if Fireman's is bound by such determination, will decide which of the two policies involved here covers the accident. Hence, it is clearly proper for Fireman's, if bound, to take part in the trial of the issue. See Industrial Underwriters Insurance Co. v. P & A Construction Co., 382 F.2d 313 (10th Cir. 1967).

The question becomes, therefore, whether Fireman's, as aligned in this case, will be bound by the final judgment in the case.

Lumbermens argues that parties to a judgment are not bound by it in subsequent controversies unless they were adversaries in the action wherein the judgment was entered; and that since Diamond and Fireman's are nonadversary co-plaintiffs, no adjudication in the case will operate as *res judicata* between them.

Estoppel by verdict, sometimes referred to as collateral estoppel, is a branch of the doctrine of *res judicata*. The doctrine arises when a material fact or issue in any litigation has been determined in a former suit where that fact was also material to the prior issue. When such a determination has occurred, the parties are bound by the determination. It is manifest that Lumbermens' defense, that the loss was caused by fire, is the critical issue which must be completely determined here, and that the same cause of the loss would be applicable and controlling between Diamond and Fireman's. It is likewise clear that parties need not be arrayed as adversaries in the prior litigation and that formal issues need not be drawn between the parties to apply the doctrine. Stangle v. Chicago, Rock Island & Pacific Railroad Co., 295 F.2d 789 (7th Cir. 1961). Earlier decisions cited by Lumbermens on this point, to the extent that they may be inconsistent, do not represent current law.

Fireman's would be bound, through the doctrine of estoppel by verdict, by a determination here of the cause of the Diamond loss and would be prevented from retrying the issue in any future litigation with Diamond. See, Ma Chuck Moon v. Dulles, 237 F.2d 241 (9th Cir. 1956), cert. denied 352 U.S. 1002, 77 S.Ct. 559, 1 L.Ed.2d 547 (1957). It should not be overlooked, furthermore, that Fireman's here concedes that it will be bound by the factual determination, and it will be thus estopped to deny such effect if the determination is against it. With Fireman's to be bound on the factual determination, there is at least a "reasonable apprehension of liability" which gives rise to a real and substantial interest in the controversy on the part of Fireman's.

To avoid a partial disposition of a controversy, all persons who have an interest in the determination of the questions raised in a declaratory judgment suit should be before the court. 28 U.S.C. § 2201 contemplates a pragmatic approach to the determination of legal relations in a controversy between interested parties. St. Paul Fire & Marine Insurance Co. v. Aetna Casualty & Surety Co., 357 F.2d 315 (10th Cir. 1966). It was the lack of a binding and full disposition of the controversy which required the decision of this court in *Travelers*, and it is for the same reasons that our decision in *Travelers* does not control the cause now before this court. In a case where, as here, all parties who have an interest in the outcome of a declaratory judgment action are joined and will be bound by the judgment of the court, a full disposition can be made and this fulfills the purpose of the Declaratory Judgment Act. This determination in no way overrules or militates against the rule established in *Travelers;* rather, it is consistent with it.

Since *Travelers* does not dictate or suggest affirmance here, it is reasonable to consider whether there is any other authority which would prevent this action from proceeding to trial in the posture in which it was originally commenced. Lumbermens has cited no such authority, and we have found none which would justify altering the alignment of parties.

There is no merit in Lumbermens' further argument that any attempted jury instructions in a trial with this alignment would inevitably result in confusion, because Fireman's, as co-plaintiff, has no burden of proof and no legal rights to enforce. While the evidence may be, the factual issue to be determined by the jury is not complex and

there is no reason to believe that the trial judge will have any difficulty in framing a sound interrogatory under Rule 49 F.R.Civ.P., along with suitable instructions.

Lumbermens' argument that this action is in fact a "simple action at law" is frivolous. Lumbermens argues that since the plaintiffs are asking the court to determine the extent of Diamond's loss and enter judgment in favor of Diamond alone, Fireman's is merely an interloper. The relief that plaintiffs are seeking is not only contemplated by 28 U.S.C. § 2202, but also the propriety of such damage relief was recognized by this court in Freed v. Travelers, 300 F.2d 395 (7th Cir. 1962). Simply because one of the plaintiffs does not claim any part of the recovery does not alter that propriety, nor does it transform a declaratory judgment action into a "simple action at law."

Neither do we find merit in Lumbermen's final contention that the alignment of Fireman's as co-plaintiff unfairly subjects Lumbermens to the prejudice of a double assault and, therefore, Fireman's should be realigned as a defendant. As discussed previously, the joining of all persons who have an interest in the determination of the questions raised is necessary for full disposition and fulfills the basic function of the Declaratory Judgment Act. This alignment of parties cannot conceivably make it more difficult for Lumbermens to present such proof as it may have that the loss was caused by fire. There can be no conceivable prejudice to a defendant when, as here, two parties join as plaintiffs because they believe the facts establish that the defendant is solely liable to one of the plaintiffs. To require a pretense of adversary position between them, which the co-plaintiffs here do not consider justified by their view of the facts, would be artificial and might tend to create undue advantage of the defendant here, who happens to be the insurer both plaintiffs think is liable on the facts. Such joinder as adopted here is a proper use of modern declaratory judgment procedure. There is no justification for realignment of the parties.

For the reasons stated, the decision of the United States District Court for the Northern District of Illinois, Eastern Division, granting defendant's motion to dismiss Fireman's from the case is reversed and the case is remanded to that court with directions to proceed with the original alignment of parties in accordance with the views herein expressed.