Carl Maxie ROBINSON, Plaintiff,

v.

COMMISSIONER OF JURORS, NEW YORK COUNTY, Defendant.

No. 75 Civ. 2499 (CHT).

United States District Court,
S. D. New York.

Sept. 14, 1976.

Carl Maxie Robinson, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for defendant; Robert S. Hammer, Asst. Atty. Gen., New York City, of counsel.

TENNEY, District Judge.

Plaintiff Carl Maxie Robinson has moved for an order of the Court pursuant to Rule 37(d) of the Federal Rules of Civil Procedure imposing certain sanctions on defendant "Commissioner of Jurors" of the County of New York for alleged failure to respond to written interrogatories and a request for the production and inspection of documents. Defendant Norman Goodman, County Clerk of New York County, has cross-moved for judgment on the pleadings, or, in the alternative, for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion for judgment on the pleadings is granted in favor of the defendant.

The plaintiff is a prisoner at Green Haven Correctional Facility, Stormville, New York, having been convicted in New York State Supreme Court in 1970. He has brought this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 seeking declaratory and injunctive relief as well as compensatory and punitive damages. Plaintiff alleges that the defendant "Commissioner of Jurors" systematically excluded Negroes from the grand jury which indicted plaintiff in October 1968. He asks that this Court declare his rights to have been violated, enjoin continuing discriminatory practices of the "Commissioner of Jurors" and award compensatory and punitive damages totalling $700,000.[1]

As defendant in this action, plaintiff has named the "Commissioner of Jurors of the County of New York, State of New York (as of July 1968)," "individually and in his official capacity." There exists, however, no New York County official with this title. At the plaintiff's direction, process was served on Norman Goodman, who is currently and was at the time of service County Clerk, New York County. As such, defendant Goodman has only general supervisory authority over the selection of jurors; New York County's Division of Jurors is headed by a Deputy County Clerk. Moreover, at the time of the alleged discrimination, defendant Goodman held the office of First Deputy Clerk and had no direct involvement with the selection of jurors.

Plaintiff's cause of action, as it now exists before this Court, is defective in several respects. First, the absence of an individual defendant personally involved in the alleged discrimination eliminates the possibility of a damage award and contravenes the basic nature of a declaratory judgment action. Second, the plaintiff does not meet the preconditions for the granting of an injunction against the continuing practices

---

1. Plaintiff has not requested release from confinement or reduction of his sentence. Thus, his action may not be characterized as "core habeas corpus" under *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

of any New York County official responsible for the selection of grand jurors.

The Court of Appeals for the Second Circuit has consistently held that damage awards under 42 U.S.C. § 1983 must be predicated on personal responsibility of the defendant for the acts constituting a violation of the plaintiff's rights. *Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir. 1974); *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973); *Sostre v. McGinnis,* 442 F.2d 178, 204–05 (2d Cir. 1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). Moreover, liability under Section 1983 may not be based on the tort doctrine of respondeat superior. *Williams, supra,* 508 F.2d at 546; *Johnson, supra,* 481 F.2d at 1034. Here, plaintiff has not alleged that defendant Goodman was in any way personally responsible for the purportedly discriminatory selection of the grand jury which indicted plaintiff. Indeed, defendant Goodman appears to have been brought into this action solely because he *now* occupies the office of County Clerk. Yet, even if defendant had held that office in October 1968, it is doubtful that he would be liable, for the doctrine of respondent superior is inapplicable here.

The absence of a defendant who was personally responsible for the alleged discriminatory acts is also fatal to the plaintiff's request for a declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201, requires "a case of actual controversy within [the court's] jurisdiction." As discussed above, plaintiff and defendant Goodman are not adverse parties on any claim under Section 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343. Furthermore, the declaratory judgment remedy is discretionary, *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), and should not be granted unless the court is satisfied that "all

persons who have an interest in the determination of the questions raised in [the] suit [are] before the court." *Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co.,* 416 F.2d 707, 710 (7th Cir. 1969). Here, plaintiff has failed to name any defendants who might be liable in damages if this Court were to find that plaintiff's rights have been violated. In the absence of such defendants, this case should not proceed.[2]

Finally, plaintiff has not demonstrated that he meets the necessary preconditions for the granting of an injunction against any current discrimination in the selection of grand jurors in New York County. Before granting an injunction, the Court must find that the moving party will suffer irreparable injury if denied equitable relief. *O'Shea v. Littleton,* 414 U.S. 488, 499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Since plaintiff is currently a prisoner in a state facility outside New York County, there is no threat that any discrimination in the selection of grand jurors within the county will injure him in any way.

For the reasons stated above, defendant's motion for judgment on the pleadings is granted and judgment is entered in favor of defendant.

So ordered.

---

2. Plaintiff also challenges Sections 596, 609, 662 and 684 of the Judiciary Law (relating to the selection of grand jurors) as facially invalid, contending that a requirement that jurors own property worth $250 discriminates against Negroes. This requirement, however, was removed from the statute in 1967. Act of March 7, 1967, ch. 49, § 1. The statute, as it stood in 1968, cannot be found on its face to discriminate.