**Matthew STARK and Marcia Neely, Plaintiffs,**

v.

**INDEPENDENT SCHOOL DISTRICT # 640 and the Members of its Board of Directors, Leon Plaetz, Curtis Trost, Scott Frederickson, Tom Franta, Barb Beranek, and Alois Guetter; Lloyd Paskewitz; and Brethern, Defendants.**

**Civ. No. 3–94–1597.**

United States District Court,
D. Minnesota,
Third Division.

Oct. 27, 1995.

---

Robert J. Bruno, Bruno Law Office, Burnsville, MN, for Plaintiff.

James L. Volling, and Timothy C. Rank, Faegre & Benson, Minneapolis, MN, for Defendant Lloyd Paskewitz.

### ORDER

DAVIS, District Judge.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge John M. Mason dated October 4, 1995. No objections have been filed to that Report and Recommendation in the time period permitted.

Based upon the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that the Motion of Defendant Lloyd Paskewitz to Dismiss [Docket No. 24] is granted. The Complaint against Lloyd Paskewitz may be, and hereby is, dismissed without prejudice.

Dated: 10–26–95.

### REPORT AND RECOMMENDATION

MASON, United States Magistrate Judge.

This matter is before the Court on the Motion of Defendant Lloyd Paskewitz to Dismiss. Robert J. Bruno, Esq. appeared for the Plaintiffs; James L. Volling, Esq. and Timothy C. Rank, Esq. appeared for Defendant Lloyd Paskewitz. The District Court referred the motion to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In addition to the arguments of counsel, the Court has considered the memoranda and supporting Affidavits submitted by the parties. For the reasons discussed below, this Court recommends that the Motion to Dismiss be granted, and that the Complaint against Defendant Lloyd Paskewitz be dismissed without prejudice.

### Background

This is an action for declaratory judgment and injunctive relief brought by the Plaintiffs Matthew Stark and Marcia Neely against Independent School District # 640, the members of the school board, the Brethern and Lloyd Paskewitz.

The Complaint identifies the Brethern as a "religious association" in Redwood County, Minnesota, and Lloyd Paskewitz as an individual residing in Redwood County, Minnesota. It alleges that Mr. Paskewitz is a member of the Brethern, and that he owns the school building and property on which it is located. The Plaintiffs are residents of the State of Minnesota who claim standing as taxpayers whose taxes are being used to support the Vesta school.

The Complaint alleges that the School District, the Brethern and Lloyd Paskewitz entered into a written agreement ("Agreement") for operation of a public elementary school in Vesta, Minnesota (the "Vesta school"). In this Agreement, the School District agreed to provide educational services for the Vesta school in exchange for use of the building and property owned by Lloyd Paskewitz.[1] The Complaint alleges that the Agreement itself, and the operation of the Vesta school, are in violation of the Establishment Clause of the United States Constitution and in violation of Article 1, Section 16 and Article 13, Section 2 of the Minnesota Constitution.

1. The Agreement is Exhibit B to the Affidavit of Timothy C. Rank [Docket No. 26].

## The Agreement

The parties have called attention to portions of the Agreement which they deem material. Article I, Section 4 states that the School District shall establish the curriculum of study in compliance with state laws and rules. Section 5 states that the School District shall provide such classroom materials as it deems necessary and that Brethern shall have the right to comment on and provide input regarding the selection and use of classroom materials to the same extent as other parents. The School District retains the sole discretion in regard to the final approval of materials. Section 6 limits the use of technology such as television and audio/visual materials.

Article II of the Agreement relates to the school building and premises, and the conditions of the lease. Article II, Section 2, states that the consideration to Lloyd Paskewitz for providing the building and premises shall be the provision of educational services by the School District. Section 9 of Article II states that the "Brethern and Paskewitz shall ensure that no religious symbols and/or artifacts are displayed in those portions of the building utilized by the School District pursuant to this Agreement and that no religious instruction shall take place at said building."

## The Complaint

In Paragraph 15 of the Complaint, Plaintiffs allege that the actions of the Defendants assured that only Brethern children would be enrolled in the Vesta school because: (a) a Brethern member owns the school building; (b) the agreement for operation of the school is between the School District and the Brethern; (c) the agreement provides that only one teacher will be assigned to the school; (d) the agreement provides that the Brethern will be consulted regarding classroom material and curriculum; (e) the curriculum has been modified to conform to religious dogma of the Brethern; (f) the Brethern has assigned members to be present in classrooms to assure conformance with religious dogma; (g) the reopening of the Vesta school was requested by the Brethern; and (h) the initial enrollment was exclusively Brethern children and no others have been enrolled.

In Paragraph 19 of the Complaint, Plaintiffs allege that the Agreement itself violates the Establishment Clause and the Minnesota Constitution because it:

1) has the primary effect of advancing religion, 2) constitutes an impermissible endorsement or favoritism toward a religious organization, 3) excessively entangles the affairs of government and religion, 4) constitutes a preference given by law to a religious establishment or mode of worship, and 5) authorizes the expenditure of public money for the support of a school wherein the distinctive doctrines, creeds or tenets of a religious sect are promulgated.

In Paragraph 20 of the Complaint, Plaintiffs allege that the *operation* of the Vesta School violates the Establishment Clause and the Minnesota Constitution because it:

1) has the primary effect of advancing religion, 2) constitutes an impermissible endorsement or favoritism toward a religious organization, 3) excessively entangles the affairs of government and religion, 4) constitutes a preference given by law to a religious establishment or mode of worship, and 5) authorizes the expenditure of public money for the support of a school wherein the distinctive doctrines, creeds or tenets of a religious sect are promulgated.

## The Prayer For Relief

The Plaintiffs request declaratory relief: (a) declaring that the Agreement is null and void; (b) "declaring that the establishment of a school by the school district for the exclusive use or for the exclusive benefit of a religious organization or its members" is unlawful; and (c) declaring that the "operation of the Vesta school by the Defendants violates the Establishment clause" of the Constitution, and is unlawful. An injunction is also sought against the Brethern and the School District. Plaintiffs also request monetary relief in the form of attorney fees and costs "against the governmental defendants" pursuant to 42 U.S.C. § 1988.

*The Motion to Dismiss*

██ The motion of Mr. Paskewitz presents issues relating to lawsuit structure.[2] Analysis of the provisions of Rules 19, 20 and 21 of the Federal Rules of Civil Procedure, and the principles underlying those Rules, persuades that the Complaint against Mr. Paskewitz should be dismissed, without prejudice. He is not a "necessary" party under Rule 19; he is a party who could be joined under Rule 20 with the permission of the Court, but under that Rule, and Rule 21, this Court concludes in the exercise of its discretion, that he should be dropped as a party.

*Rule 19*

The Complaint seeks relief which affects Mr. Paskewitz only insofar as he is a party to the Agreement, and the Complaint seeks a declaration that the Agreement is unlawful. According to the provisions of Rule 19(a)(2), Mr. Paskewitz would be a person to be joined if feasible, since he "claims an interest relating to the subject of the action, and is so situated that the disposition of the action in [his] absence may (I) as a practical matter impair or impede [his] ability to protect that interest." Yet both parties acknowledge that the provisions of Rule 19 do not require Mr. Paskewitz to be a party. This could be because he does not actively "claim" an interest in the Agreement, and seeks to be dismissed. But a more fundamental reason, it seems to the Court, is that the Agreement on its face, at least as it relates to Mr. Paskewitz, is not claimed to be unlawful. Under the Agreement, Mr. Paskewitz is leasing his property to the School District for use as an elementary school.

In Paragraph 19 of the Complaint, Plaintiffs challenge the facial validity of this Agreement, arguing that it has the primary effect of advancing religion and that it excessively entangles the affairs of government and religion. However, Plaintiffs' Establishment Clause challenge is really directed at the actions of the School District and the Brethern, not at Mr. Paskewitz. If the Agreement, or operation of the school under the Agreement, is found to be unlawful, Mr. Paskewitz will not be able to enforce it, whether he is a party to this litigation or not.

A distinction must be drawn between the Agreement itself, to which Mr. Paskewitz is a party, and operation of the school under the Agreement, as to which Mr. Paskewitz is not alleged to be involved, beyond his role as lessor. The Agreement has a secular purpose on its face, namely, to provide public education for students in the School District in Kindergarten through grade 6. Agreement Art. I, § 1. The School District has authority over all educational activities at the Vesta school including administration, curriculum and the selection of classroom materials. The terms of the Agreement do not impose any religious restrictions on admission or attendance at the school, nor do they require adherence to any particular faith. The Agreement imposes no religious restriction on the appointment of teachers or the subjects taught, and specifically prohibits religious instruction of students.

Plaintiffs claim that Article I, Section 5 of the Agreement is sectarian in nature because it advances the religious dogma of the Brethern regarding the selection of classroom materials. Section 5 reads in full as follows:

"Section 5. *Classroom Materials.* The School District shall provide such classroom materials as it deems necessary for the instruction of the students in said school. Brethern shall have the right to comment on and provide input regarding the selection and use of such materials to the same extent as other parents in the School District pursuant to applicable law and the rules and regulations adopted by the School Board of the School District. The School District, however, retains the sole discretion in regard to the final approval of any textbooks and/or materials utilized in the instruction of said students."

On its face, the provisions of Section 5 providing for parental comment neither advances nor inhibits religion. There are many legitimate reasons for parents to desire to be involved in commenting on materials used with respect to the education of their chil-

---

2. See Bone, Robert G, *Mapping the Boundaries of a Dispute: Conceptions of Ideal Lawsuit Structure* from the Field Code to the Federal Rules, 89 Columbia L.Rev. 1 (1989).

dren, regardless of their personal, secular or religious convictions, and for school districts to agree to it. A more difficult question is presented by the fact that the Agreement specifically allows the Brethern to have input into the instructional materials,[3] but it is the relationship of the School District and the Brethern which is challenged, not that of Mr. Paskewitz.

Plaintiffs also challenge the provision in Article I, Section 6 of the Agreement which limits the use of technology. Section 6 reads in full as follows:

> "Section 6. *Use of Technology.* The School District shall, to the extent permitted under applicable law and rules and regulations adopted by the School Board of the School District, limit the use of technology such as television, radio, audio and/or video recordings, computers and movies in the classrooms at the school provided for herein."

Plaintiffs allege that all technology has been excluded from the classroom in order to conform with the religious dogma of the Brethern. The terms of the Agreement itself neither prohibit the use of all technology in the classrooms nor promote the dogma of the Brethern. The Agreement merely states that the School District shall "limit" the use of technology "to the extent permitted under applicable law." Agreement, Art. I, Sec. 6. There is nothing inherently religious about desiring to limit the use of technology in the classroom. Parents in a community may desire that their children be educated by a teacher rather than by video-tape, or that they spend time reading and writing rather than watching movies or television, motivated by factors wholly independent of their religious beliefs.

The Plaintiffs allege that the school has been operated in such a way as to allow religious views to modify the curriculum to exclude the teaching of the scientific theory of evolution, and to exclude fiction literature and sex education. The Plaintiffs also allege that the actions of the Brethern and the School District have assured that only Brethern Children will attend Vesta School and that the Brethern has assigned assistants to the classrooms to assure conformance of the curriculum with their religious dogma. The Agreement itself has no such requirements or limitations. These allegations are directed at the operation of the school by the School District, not at Lloyd Paskewitz. It is the responsibility of the School District, not Mr. Paskewitz, to see that operation of the school does not violate the law.

The Court recognizes that the Agreement here is different from a typical lease. Mr. Paskewitz is a member of the Brethern and he receives no monetary compensation under the lease. However the conceptual framework is the same. The Plaintiffs objections to the Vesta school are based on the actions of the School District and the Brethern, not the lease by Mr. Paskewitz. Mr. Paskewitz' affiliation with the Brethern does not change the nature of the lease. As it relates to Mr. Paskewitz, the mere fact that the Vesta school is located in a building owned by an individual affiliated with a religious organization "is not enough to make government funding of an otherwise secular school program unconstitutional." *See Walker v. San Francisco Unified School Dist.,* 741 F.Supp. 1386, 1393 (N.D.Cal.1990). If the operation of the school program is "otherwise secular," the Agreement does not make it religious.

Complete relief can be granted in the absence of Mr. Paskewitz. If the other Defendants prevail in the action, then there would be no basis for a claim against Mr. Paskewitz. If the court finds that the operation of the Vesta School is unconstitutional, Plaintiffs will be entitled to complete declaratory and injunctive relief, and once that relief is granted, the Agreement will be unenforceable as a matter of law to the extent it is inconsistent with the Judgment of the Court. *See United Technologies Communications Co. v. Washington County Bd.,* 624 F.Supp. 185 (D.Minn.1985) (performance of a contract not required where non-performance is the

---

**3.** *See School Dist. Of City of Grand Rapids v. Ball,* 473 U.S. 373, 389–390, 105 S.Ct. 3216, 3225–26, 87 L.Ed.2d 267 (1985) in which the Supreme Court considered whether the "symbol-ic union" of church and state effected by the challenged government action would be perceived as an endorsement of individual religious choices.

result of a court order); *Holland v. Sheehan,* 108 Minn. 362, 122 N.W. 1 (1909) (a contract with a purpose that violates the law is unenforceable.)

In the Complaint, Plaintiffs requested monetary relief against the "governmental defendants" in the form of reasonable attorney fees and costs under 42 U.S.C. § 1988, but they did not make a claim for money damages against Mr. Paskewitz. Even if Plaintiffs had made a § 1988 claim for attorney fees against Lloyd Paskewitz, Plaintiffs would still have to show that he acted under color of state law. In *Annunziato v. The Gan, Inc.,* 744 F.2d 244, 251 (2d Cir.1984), the court found that a religious group that signed a contract for the purchase of an elementary school for $1 from the City of New Haven was not liable for attorney fees where there was no evidence that the group conspired with the City.

In *Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co.,* 416 F.2d 707 (7th Cir. 1969), and the other cases cited by Plaintiff, the parties were necessary to render relief.[4] Plaintiffs and Defendant Paskewitz agree, and the Court finds, that Mr. Paskewitz is not a person to be joined to this litigation if feasible under Rule 19. The essential claims by the Plaintiffs in this litigation are against the Brethern and the School District. It is the operation of the school, and the fact that the Brethern are a party to the Agreement, which is at the heart of the dispute. The relief requested, other than for a declaration of the invalidity of the Agreement, is directed at the other Defendants, and the demand that the Agreement be declared unlawful is dependent upon proof of those other claims.

### Rules 20 and 21

■ We turn to a consideration of Rules 20 and 21.[5] The issue of whether a party is proper under Rule 20 is normally presented in the context of a motion by an existing party to add a party. The same principles which guide the Court in deciding whether to permit a party to be added under Rule 20 should be applied in determining whether to grant the motion of a party to be dismissed under that Rule.

■ In this case, it would appear that Mr. Paskewitz would satisfy the underlying criteria in Rule 20. If he were not named, and if he sought to intervene to preserve the validity of the Agreement, it is likely that he would be viewed as a person against whom a right to relief is asserted arising out of the same transaction, and that the dispute would involve a common question of law and fact. The inquiry in determining whether to include a party under Rule 20 does not end with conclusions concerning the particular requirements of that Rule. The Court must look at additional factors of fundamental fairness and judicial efficiency.

> "Although the specific requirements of Rule 20 ... might be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."

4. In *Diamond Shamrock v. Lumbermens,* 416 F.2d at 710 an insured party sued two separate insurers. The court found that both insurers were necessary parties because both could be liable for money damages. *Id.* In the other cases cited by Plaintiffs, the interested parties were necessary parties to the action. *See Robinson v. Comm'r of Jurors, New York County,* 419 F.Supp. 1189, 1191 (S.D.N.Y.1976) (case dismissed because the plaintiffs failed to name defendants who would be liable for damages); *Lee v. Board of Regents of State Colleges,* 306 F.Supp. 1097 (W.D.Wis.1969) (Court found the university president was a proper party in an action regarding student newspaper because the president had authority to enforce policy with respect to the newspaper); *Channel Master Corp. v. JFD Electronics Corp.,* 263 F.Supp. 7 (E.D.N.Y.1967) (The owner of a product was a necessary party in an action seeking to declare a patent on that product invalid).

5. *Rule 20(a) reads in part:* "All persons ... may be joined in one action as defendants if there is asserted against them ... any right to relief in respect of or arising out of the same transaction or occurrence ... and if any question of law or fact common to all defendants will arise in the action."

*Rule 20(b)* allows for separate trials of separate claims.

*Rule 21 reads in part:* "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

*Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir.1980), quoted with approval in *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 58 (7th Cir.1982). This conclusion is in part based upon the fact that the language of Rule 20 states that if the criteria set forth in the Rule are met, the party "may" be added, not that it "shall" be added.[6] The conclusion seems also to be based upon an unarticulated premise that the underlying purpose of Rules 19, 20 and 21 is to allow the district court itself to exercise its power to align the parties and the issues presented in a single lawsuit in a way that will foster judicial efficiency, while protecting parties against prejudice. *Bone, supra,* 89 Col.L.Rev. at 106–107. *See Intercon Research, supra,* 696 F.2d at 57–58; *Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir.1948); *Filippini v. Ford Motor Co.*, 110 F.R.D. 131, 137 (N.D.Ill.1986) and the cases cited in footnote 6, *supra.*

The Rules seek to preserve the autonomy of the parties, but that goal is not without limits. Rule 19 serves to insure the presence of an "essential core" of parties and issues, to avoid a multiplicity of suits. Rule 20 permits the Court to add parties but to avoid unduly complicating the proceeding. Rule 21 serves both functions. *See* 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 1602, 1652 and 1681 (1986). The duty of the Court in considering a motion to add or drop a party is to strike a balance among these competing considerations, while following the initial mandate "to secure the just, speedy and inexpensive determination of every action."

Under the circumstances of this case, the Court has the option to sever and stay the action against Mr. Paskewitz, or to drop him as a party. One way to test whether to dismiss the Complaint against Mr. Paskewitz is to analyze whether it would be preferable to sever and stay the action against him. It seems clear that if such a course of action were followed, it would serve no purpose, since, as we have seen, resolution of the dispute among the remaining parties will also resolve all claims involving Mr. Paskewitz. If the action against Mr. Paskewitz were severed and the Plaintiffs obtain relief against the School District, there would be no claim left in the case against Mr. Paskewitz.

In fashioning relief under Rules 20 and 21, it is also appropriate for the Court to consider judicial economy and efficiency in reaching its conclusion. In this case, issues of fundamental constitutional significance are sought to be raised by Plaintiffs and the other Defendants. The facts underlying that dispute must be clearly ascertained, and then considered in connection with applicable constitutional principles. This can be best achieved without the distraction of Mr. Paskewitz' status as a party in this action.

If the Plaintiff had omitted Mr. Paskewitz, and sought to add him as a party, the Court would have denied the Motion, for the reasons set forth herein. It is now recommended that Mr. Paskewitz be dropped as a party without a final determination of the merits of any claim by or against him. The determination is permissive in character. Under all of these circumstances, it is appropriate that the dismissal be without prejudice. The Court also declines to recommend that judgment be entered pursuant to the provisions of Rule 54(b).

### RECOMMENDATION

IT IS HEREBY RECOMMENDED THAT the Motion of Defendant Lloyd Paskewitz to Dismiss [Docket No. 24] be granted, and that the Complaint against Defendant Paskewitz be dismissed without prejudice.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties within ten days after service of a copy of this Report, written objections which specifically identify the por-

---

6. *See Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126–27 (2d Cir.) *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *National Union Fire Ins. Co. v. Continental Illinois Corp.,* 113 F.R.D. 527, 531 (N.D.Ill. 1986); *Alkot Indus. Inc. v. Takara Co., Ltd.,* 106 F.R.D. 373, 377 (N.D.Ill.1985).

tions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing within ten days after service of the Report and Recommendation.