**A–1 CIGARETTE VENDING INC., et al.**

v.

**The UNITED STATES.**

No. 97–848C.

United States Court of Federal Claims.

March 25, 1998.

---

## ORDER

YOCK, Judge.

On December 15, 1997, 28 plaintiffs joined in filing this multi-party takings action pursuant to the permissive joinder provision of Rule 20 of the Rules of the United States Court of Federal Claims ("RCFC"). The business of each plaintiff company consists, at least in part, of owning and operating cigarette vending machines. The Complaint alleged that rules promulgated by the Food and Drug Administration, aimed at restricting access to cigarettes by minors, effected a taking of the plaintiffs' property by denying them all economically viable uses of their cigarette vending machines. The 28 original plaintiffs prayed for compensation in excess of some $167 million.

On January 9, 1998, the plaintiffs filed their First Amended Complaint. The only amendment made to the original Complaint was the addition of 69 more plaintiffs, with a corresponding increase in the compensation sought for the 97 total plaintiffs to more than $253 million. On February 2, 1998, the plaintiffs filed their Motion for Leave to File Second Amended Complaint. The Second Amended Complaint attempted to join an additional 141 plaintiffs and to increase the compensation sought to nearly $375 million. The plaintiffs have represented that the total number of plaintiffs may approach 600, asserting claims for compensation in an amount of approximately $1 billion.

On February 12, 1998, this Court denied the plaintiffs' Motion for Leave to File Second Amended Complaint. On the same date, citing case management concerns, this Court also issued an Order to Show Cause, ordering the plaintiffs to show cause as to why the above-captioned action should remain filed as a single, permissive joinder of parties case. The plaintiffs filed their Response to Order to Show Cause on February 20, 1998, and the defendant filed its response on March 10, 1998. The parties presented their respective positions at a hearing on March 17, 1998.

The plaintiffs assert that they are properly joined under RCFC 20 and that the factual and legal issues common to all plaintiffs mandate that this case remain as a unified, multiparty action before a single judge. The plaintiffs contemplate a bifurcated case, in which the issue of liability would first be decided for all plaintiffs, followed by separate trials for each plaintiff's compensation claim. The defendant asserts that a single, permissive joinder case is not appropriate in the context of the instant matter. While agreeing that all potential plaintiffs in the action share some common legal and factual issues, the Government's position is that this case may best be managed through the filing of an independent suit by each potential plaintiff, with consolidation of cases at appropriate phases.

After careful consideration of the parties' positions, the Court concludes that permissive joinder would hinder the interests of trial convenience, simplification of judicial proceedings, and sound judicial management. For the reasons set out herein, each plaintiff will be required to proceed individually in its regulatory takings claim against the Government.

RCFC 20(a) allows permissive joinder if the plaintiffs meet two prerequisites: (1) the plaintiffs must assert a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs must arise in the action. RCFC 20(a); *see also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974). The defendant does not dispute that the right to relief alleged by each plaintiff arises out of the same occurrence or series of occurrences and agrees that the plaintiffs share some common questions of law or fact. Consequently, it is undisputed that the plaintiffs meet the minimum permissive joinder requirements of RCFC 20(a).

The fact that the plaintiffs meet the threshold requirements of RCFC 20(a), however, does not translate into joinder as a matter of right. "Rule 20 does not end with conclusions concerning the particular requirements of that Rule. * * * [T]he language of Rule 20 states that if the criteria set forth in the Rule are met, the party 'may' be added, not that it 'shall' be added." *Stark v. Independent School Dist. No. 640*, 163 F.R.D. 557, 563–64 (D.Minn.1995). Even if the plaintiffs would otherwise be properly joined pursuant to Rule 20(a), the Court must determine "whether they should be allowed to continue in one action." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir.1995); *see also Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir.1980) (explaining that, although the requirements of Rule 20 may be satisfied, the court must also examine other factors to determine whether or not permissive joinder should be allowed). The Court may deny permissive joinder if to do so would further trial convenience, avoid delay, avert undue complication of judicial proceedings, or otherwise comport with considerations of sound judicial management. *See id.; Applewhite*, 67 F.3d at 574; *Stark*, 163 F.R.D. at 563–64. Put succinctly, permissive joinder rests with the sound discretion of this Court. *Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F.Supp. 1229, 1239 (S.D.Ohio 1994); *Servpro Indus., Inc. v. Schmidt*, 905 F.Supp. 470, 473 (N.D.Ill.1995).

As explicated in this Court's February 12, 1998, Order to Show Cause, takings cases are, by their nature, factually intensive. *See Yuba Goldfields, Inc. v. United States*, 723 F.2d 884, 887 (Fed.Cir.1983). In evaluating whether a governmental action amounts to a taking or a mere diminution in property value (which by itself does not constitute a taking), the Court must assess the nature of the governmental action, the economic impact of the regulation on each plaintiff, and

the extent to which the challenged regulation has interfered with each plaintiff's distinct investment-backed expectations. *Penn Cent. Transp. Co. v. New York City,* 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978); *Forest Properties, Inc. v. United States,* 39 Fed.Cl. 56, 68 (1997). The latter two of these considerations are plainly plaintiff-specific, requiring individualized factual findings for each claimant. The factual intensity of a regulatory takings claim, then, pertains not only to the quantum of damages that each plaintiff claims, but also to the very question of whether or not a particular Government action has effected a compensable fifth amendment taking as to each plaintiff.

■ The necessity of conducting plaintiff-specific findings in both the liability and damages phases of a regulatory takings claim renders inappropriate the large, multi-party case contemplated by the plaintiffs. In this sense, the instant case is far different from a case such as *Mosley,* where a finding of a discriminatory purpose behind a company policy would settle the question of liability as to all plaintiffs. In the instant case, it is possible that the Government action complained of resulted in a taking as to some of the plaintiff businesses but not to others. A finding of liability as to one plaintiff, then, would not necessarily equate to governmental liability as to all plaintiffs. Consequently, the Court would be ill-advised to adopt the plaintiffs' proposal of joining all plaintiffs together to obtain a single judgment as to liability. An individual determination of liability will be required with respect to each plaintiff.

There are currently 97 plaintiffs joined in the instant suit. Counsel for the plaintiffs has indicated that the total number of plaintiffs will probably exceed 500 and that this multitude of claimants will probably demand approximately $1 billion in compensation. If this estimate holds true, more than 500 individual, fact-specific determinations of takings liability will be required in addition to any additional determinations of compensation should liability be found with respect to some plaintiffs. In other words, even if the Court were to allow permissive joinder, the Court would still have to engage in over 500 logically distinct regulatory takings inquiries. Encumbering one judge with the responsibility of successively determining the distinct liability and damages issues for each of hundreds of claimants would unduly prolong final resolution of all of the plaintiffs' claims, contravening the goal of securing a speedy and efficient determination of the matter underlying the plaintiffs' Complaint. *See* RCFC 1.

In this Court's opinion, the most just, expedient, and convenient way to manage this multitude of plaintiff-specific determinations is through the filing of individual suits and the eventual selection of at least one lead case. This management technique leaves open the possibility of distribution of the hundreds of plaintiffs' distinct takings claims among several judges, thus significantly decreasing the time required to resolve the claims of all potential plaintiffs.

In furtherance of this logical and effective plan of case management, the Court shall sever the claims of the 97 plaintiffs currently joined in the instant case, pursuant to RCFC 21. *See Safeco Ins. Co. v. City of White House,* 36 F.3d 540, 546 (6th Cir.1994) (concluding that the court's exercise of Rule 21 remedies is not restricted to cases of misjoined parties); *Aiello v. Kingston,* 947 F.2d 834, 835 (7th Cir.1991) (asserting that Rule 21 "allows a court to sever claims that are logically distinct."); *United States v. O'Neil,* 709 F.2d 361, 369 (5th Cir.1983) (rejecting the contention that Rule 21 may only be used to cure misjoinder and emphasizing that *"[a]ny* claim against a party may be severed and proceeded with separately."); *see generally* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 21.02 (3d ed.1997) (relating that "courts have properly concluded that they may issue orders under Rule 21 even in the absence of misjoinder or nonjoinder of parties, to structure a case for the efficient administration of justice."). Because some initial pretrial motions will undoubtedly be applicable to all 97 plaintiffs, the severed cases shall be consolidated pursuant to RCFC 42 to enhance judicial economy.

Accordingly, it is ORDERED that:

1. Pursuant to RCFC 1(b), 21, and 77.1(a), the claims of each individual plaintiff

shall be severed. Case number 97–848C shall be re-captioned as "*A–1 Cigarette Vending Inc. v. The United States,*" and the Clerk of the Court is to assign a separate case number to each of the 96 additional cases resulting from the severance. The applicable filing fee is to be waived with respect to the 96 new cases. Each of the 97 independent cases shall remain before this Judge.

2. Pursuant to RCFC 42(a), the 97 cases referenced in this Order shall be consolidated for purposes of ruling on those pretrial motions that prove to be common to all plaintiffs.

3. For the reasons cited herein, any future plaintiffs alleging the same cause of action as that advanced by the 97 plaintiffs addressed herein shall file individual complaints, along with the applicable filing fee, for assignment to judges in accordance with the Clerk of the Court's regular method of case distribution.

IT IS SO ORDERED.