## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

v.

## William SHAPIRO, et al.

No. Civ.A.[1] 99–526.

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

Jan. 7, 2000.

---

1. The Clerk is directed to send a copy of this memorandum and order to the Bankruptcy Court—*In re Walnut Leasing Co., Inc. and Equipment Leasing Corp. of America, Inc.,* Bankr.No. 97–19699.

Barbara W. Mather, Pepper Hamilton & Scheetz, Philadelphia, PA, for Official Committee of Unsecured Creditors, plaintiff.

William Shapiro, Bala Cynwyd, PA, defendant pro se.

Kenneth Shapiro, Bala Cynwyd, PA, defendant pro se.

Marc S. Henzel, Law Offices of Marc S. Henzel, Philadelphia, PA, for Deljean Shapiro, Lester Shapiro, Adam Varrenti, Jr., John Orr, Philip Bagley, defendants.

Nathan Tattar, Havertown, PA, defendant pro se.

William Shapiro, Bala Cynwyd, PA, for Welco Securities, Inc., Financial Data, Inc., defendants.

Kenneth S. Shapiro, Bala Cynwyd, PA, for The Law Offices of William Shapiro, P.C., Walnut Associates, Inc., defendants.

Amy Ledoux, Ross, Dixon & Bell, L.L.P., Washington, DC, for Cogen Sklar, LLP, third-party defendant.

## MEMORANDUM

LUDWIG, District Judge.

By order of November 2, 1999, the parties were directed *sua sponte* to show cause why the claims against defendants Cogen, Sklar, L.L.P. and R.F. Lafferty & Co., Inc. should not be severed from plaintiff's remaining claims. Plaintiff's claims against Cogen, Sklar, L.L.P. and R.F. Lafferty & Co., Inc. had been dismissed for reasons inapplicable to the other defendants. Order, Sept. 8, 1999. In addition to moving for reconsideration of the dismissal, plaintiff moved, in the alternative, that the order of dismissal be certified for appeal under Fed.R.Civ.P. 54(b). The motion was denied. Order, Nov. 2, 1999. In the meantime, on October 4, 1999, the other defendants[2] filed a third-party complaint against Cogen, Sklar[3] under Fed. R.Civ.P. 14(a).[4]

To simplify this litigation and in the interests of judicial economy, plaintiff's dismissed claims against Cogen, Sklar and Lafferty will be severed and transferred to a separate, new action. Fed.R.Civ.P. 21. Defendants'

---

2. The other defendants are William Shapiro, Kenneth Shapiro, Deljean Shapiro, Lester Shapiro, Nathan Tattar, Adam Varrenti, Jr., John Orr, Philip Bagley, Welco Securities, Inc., The Law Offices of William Shapiro, Esquire, P.C., Financial Data, Inc., and Walnut Associates, Inc.

3. Only Cogen, Sklar was named in the third-party complaint for contribution.

4. In response to the show-cause order, these defendants opposed severance on the ground of the third-party joinder. Plaintiff and the dismissed defendants do not oppose severance.

third-party claim will remain in the original action.

### Background

The facts of this case are set forth in prior opinions. *See* mem., Sept. 8, 1999, at 2. The Shapiros and the other defendants are alleged to have operated Equipment Leasing Company of America, Inc. (ELCOA) and Walnut Leasing Company, Inc. (Walnut) as a "de facto Ponzi scheme." Compl. ¶ 66. The issuance of a large amount of debt certificates ultimately resulted in Walnut and ELCOA obtaining Chapter 11 bankruptcy protection on August 8, 1997.[5]

On August 21, 1997, an Official Committee of Unsecured Creditors was appointed by the United States Trustee. On January 19, 1999 Bankruptcy Judge Sigmund approved a stipulation between the debtors and the Committee authorizing the Committee to file suit on behalf of the two bankrupt debtor corporations. *See In re Walnut Leasing Company, Inc. and Equipment Leasing Company of America, Inc.*, Bankr.No. 97–19699 (Bankr. E.D.Pa.) (order, Jan. 19, 1999). According to the complaint that followed, the corporations' officers and directors, led by the Shapiro defendants, were responsible for the debtors' fraudulent issuance of debt certificates "past the point of insolvency and thus without the ability to repay their obligations to investors." Compl. ¶ 53. Prior to filing for bankruptcy protection, the debtors owed principal balances on debt certificates in excess of $51,317,000. *See Baker v. Summit Bank*, Civ.A. No. 99–2010 (E.D.Pa.) (compl. at 15).

The Committee also sued the debtors' auditor—Cogen, Sklar, L.L.P.—and their underwriter—R.F. Lafferty & Co.—as professionals who had facilitated the fraudulent scheme. However, on Rule 12 motions, these defendants were dismissed from the complaint based on the doctrine of *in pari delicto*. "Since it is pleaded that the debtors, acting through the Shapiros, perpetrated the Ponzi scheme with the assistance of Cogen, Sklar and Lafferty, the doctrine of *in pari*

*delicto* ... bars plaintiff from suing these defendants for claims arising out of the fraud." Order, Sept. 8, 1999, at 11. The dismissal motion of the other defendants was denied. *Id.*

### Analysis

■ Two types of severances or separations of claims are contemplated by the Federal Rules of Civil Procedure—one within the action itself, the other resulting in a second, or new, action. Under Fed.R.Civ.P. 21: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Under Fed.R.Civ.P. 42(b):

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

■ Under Rule 42(b), there may simply be a separate trial or trials. Under Rule 21, there may be a separate action. *See* 8 James Wm. Moore et al., Moore's Federal Practice § 42.20(2) (3d ed. 1999) ("The creation of new cases provides the key distinction between Rule 42(b) bifurcation and Rule 21 severance."). Determinations of claims that are severed pursuant to Rule 21 are final and appealable without the need for certification under Rule 54(b)—unlike claims that are bifurcated under Rule 42(b). *See U.S. ex rel. LaCorte v. SmithKline Beecham*, 149 F.3d 227, 231 (3d Cir.1998) ("severed claim proceeds as a discrete suit and results in its own final judgment from which appeal may be taken"); *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co.*, 813 F.2d 81, 84

---

5. The debt certificates are the subject of a related securities fraud class action by the certificate holders. *See Neuberger v. Shapiro*, Civ.A. No. 97–7947 (E.D.Pa.). A third, related action is *Baker v. Summit Bank*, Civ.A. No. 99–2010 (E.D.Pa.) (class action against the indentured trustee). Although not formally consolidated, the three actions have been case-managed jointly.

(5th Cir.1987) ("[T]he ... severed claim becomes an entirely separate judicial unit, so that a final adjudication of it is appealable, notwithstanding that there remain unresolved claims pending in the original action from which the severance was granted and that no Rule 54(b) certificate has been issued."); *United States v. O'Neil,* 709 F.2d 361, 368 (5th Cir.1983) ("Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render final, appealable judgment in either one of the resulting two actions notwithstanding the existence of unresolved claims in the other."); 4 James Wm. Moore et al., Moore's Federal Practice § 21.06(1) (3d ed.1999).

■ Rule 21 is titled "Misjoinder and Non–Joinder of Parties." However, it may be used to organize problematical issues other than joinder problems. 4 Moore's Federal Practice § 21.02(1) ("The courts have properly concluded that they may issue orders under Rule 21 even in the absence of misjoinder and non-joinder of parties, to construct a case for the efficient administration of justice."). In addition, the Rule explicitly provides authority to sever parties *sua sponte* "on such terms as are just." Fed.R.Civ.P. 21; *see Stark v. Indep. Sch. Distr. No. 640,* 163 F.R.D. 557, 564 (D.Minn.1995) ("the underlying purpose of Rules 19, 20 and 21 is to allow the district court itself to exercise its power to align the parties and the issues presented in a single lawsuit in a way that will foster judicial efficiency, while protecting parties against prejudice.").

■ Whether severance is warranted requires balancing of several considerations, including "the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." *German v. Federal Home Loan Mortgage Corp.,* 896 F.Supp. 1385, 1400 n. 6 (2d Cir.1995), *citing Sutton Hill Assocs. v. Landes,* Civ.A. No. 87–8452, 1988 WL 56710, at *2 (S.D.N.Y. May 25, 1988) (distinguishing between the effects of Rule 21 and Rule 42(b), though "the same concerns are consid-

ered by the court"). Specific factors are "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted." *German v. Federal Home Loan Mortgage Corp.,* 896 F.Supp. at 1400; *see Fanning v. Black & Decker,* Civ.A. No. 98–6141, 1999 WL 163628, at *3 (E.D.Pa. Mar. 18, 1999).

In the present instance, that analysis favors severing the claims of the plaintiff Committee against Cogen, Sklar and Lafferty from those against the other defendants and transferring them to a new action. The third-party claim against Cogen, Sklar will remain in the original action. The progress toward trial that has occurred in this triad of complex cases and the distinctiveness of the dismissal issues on appeal tip the balance toward finality as to the dismissed claims.[6] Plaintiff advocates severance—so that "any potential recoveries can be made and distributed as soon as possible and the entire matter brought to a close." Pl. response at 3. As against this request for prompt disposition, the sole prejudice asserted by the other defendants is the presence of the third-party contribution claim. *See Freedom Int'l Trucks, Inc. of New Jersey v. Eagle Enters., Inc.,* Civ.A. No. 97–4237, 1998 WL 695397, at *4 (E.D.Pa. Oct. 5, 1998) ("I find that the prejudice to [plaintiff] if the proceedings are stalled further, combined with the lack of any clear showing of prejudice to [defendants], outweighs the potential inefficiencies in discovery or multiple trials.").

■ Third-party defendant Cogen, Sklar is not a necessary or indispensable party to the original claim that would render severance inconvenient or prejudicial. Fed. R.Civ.P. 19. "A motion to sever pursuant to Rule 21 necessarily requires the Court to consider whether the party is 'indispensable'

---

**6.** Once severed, the appeal of the dismissal would not result in the removal of jurisdiction over the original action.

to the litigation...." *Fanning v. Black & Decker*, 1999 WL 163628, at *1 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). Indispensability is determined under Fed.R.Civ.P. 19, using a two-step inquiry. Under 19(a) [7] is the party necessary? If so, under 19(b), is the party indispensable? *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404–05 (3d Cir.1993); *Fanning*, 1999 WL 163628, at *2. A third party that is sued for contribution is not a necessary party without whom complete relief is unaffordable. *See Janney Montgomery Scott, Inc.*, 11 F.3d at 412; *Bank of America v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054–55 (3d Cir.1988); *Rodin Properties–Shore Mall N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F.Supp.2d 709, 720 (D.N.J.1999); *Hershock v. Fiascki*, Civ.A. No. 90–0497, 1992 WL 310252, at *2 (E.D.Pa. Oct. 22, 1992).

Plaintiff's claims against the other defendants do not require the presence of Cogen, Sklar or Lafferty as parties, although their employees may be called upon to participate as witnesses. Moreover, Cogen, Sklar's interests as a third party are not implicated by waiting until resolution of the main action. If defendants prevail at trial, Cogen, Sklar will not be subject to contribution; if plaintiff prevails, the contribution claims would still have to be proved. In any case, none of the parties will be subject to multiple or inconsistent liability if the action against Cogen, Sklar and Lafferty is tried separately—Cogen, Sklar and Lafferty have no claims against the other parties, and the contribution claim is precluded only if liability is not established against the other defendants.

### Conclusion

On motion, plaintiff's claims against defendants Cogen, Sklar and Lafferty were dismissed. Order, Sept. 8, 1999. On October 4, 1999 Cogen, Sklar was brought back into the case as a third-party defendant. Thereafter, plaintiff's motion for reconsideration of the

dismissal or for certification for appellate appeal was denied. Order, Nov. 2, 1999. A severance of the dismissed claims is justified, feasible, and a sensible approach to appealability that is not vitiated by other considerations.

---

**7.** Satisfaction of Rule 19(a) requires a showing that 1) relief cannot be accorded without the third party; 2) an adjudication of the parties' rights "would impair or impede an absent party's ability to protect its interests in the subject matter of the litigation"; and 3) there would otherwise be a substantial risk of multiple or inconsistent obligations. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d at 405–11; Fed. R.Civ.P. 19(a).